ROBERT D. JOHNSTON, RESPONDENT, *v.* HUGH KELLY AND JOHN B. CHANDLER, APPELLANTS.

LOREN D. ELDRIDGE AND CHARLES G. THOMPSON, RESPONDENTS, *v.* THE SAME, APPELLANTS.

JAMES W. BAILIE, RESPONDENT, *v.* THE SAME, APPELLANTS.

*General assignment — is not invalidated by a failure to prefer the wages due to employees — 1877, chap. 466, sec. 29, as amended by chap. 328 of 1884.*

A general assignment, made by an insolvent debtor for the benefit of his creditors, need not contain an express provision giving the wages and salaries of his employees the preference over other debts required by section 29 of chapter 466 of 1877, as amended by chapter 328 of 1884.

*Richardson* v. *Herron* (39 Hun, 537) and *Burley* v. *Hartson* (40 id., 121) followed.

Appeal from a judgment setting aside a general assignment as fraudulent and void as to the creditors of the assignors.

*John C. Keeler,* for Kelly, appellant.

*Horace D. Ellsworth,* for Chandler, appellant,

*Nelson L. Robinson,* for the respondents.

Learned, P. J. :

Each of these actions is brought to set aside a general assignment, made by Kelly, on the ground that the assignment does not, in its terms, prefer laborers, the plaintiffs' claiming that for this reason it is fraudulent and void.

The statute (Laws 1884, chap. 328) was evidently enacted for the benefit of laborers. It intended, in the case of an insolvent debtor, that the laborers whom he owed (who usually have small claims for which they cannot litigate) should be always protected. It is a humane statute and its object should be carried out as far as possible. The plaintiffs claim that the statute requires the assignor to insert in the assignment a clause preferring laborers; and that a failure to do this makes the assignment void. The defendants claim that, whether such clause be in the assignment or not, the duty of the assignee under the statute is the same, viz., to pay all laborers first.

If the plaintiff's construction is correct, then, in case the assignor fails to insert such a clause, the laborers lose all the benefit of the statute. Because, if the assignment be set aside, the laborers can obtain no preference, since there will be no assignment; and the person benefited by the action to set it aside will be the vigilant creditor. This will seldom be a laborer, whose little claim could not generally bear the expense of such litigation. It would be necessary for every laborer to recover a judgment on his demand, and then to bring, or to join in, an action to set aside the assignment on the ground of the omitting a clause of preference. And after all this were done, even if the laborers were the vigilant creditors, they would have only gained what, upon the other construction of the statute, they would have without action. For, if the defendant's construction is correct, no neglect of the assignor to prefer these laborers can take away their rights. They are preferred by the statute. The assignee must first pay them; just as an executor must

first pay debts of the testator, although not required to do so by the will. It is, therefore, evident that the defendants' construction always carries out, and the plaintiff's often defeats, the humane intention of the statute.

Is there any difficulty in giving this construction? The statute says: "In all assignments," etc. The plaintiffs construe these words as referring to the instrument itself. But it is equally sound to construe them as referring to the whole transaction; as if the language were: "In the case of all assignments," etc. This meaning is made more distinct in the statute of 1886 (chap. 283): " In all distributions of assets under all assignments made," etc. The plaintiffs urge that the whole duty of the assignee must be found in the assignment. There is a certain half truth in that statement. The court cannot, from its own views of what the assignor ought to have done, change the duty which he has put on the assignee. But the legislature has put, as it lawfully might, certain restrictions about the matter of general assignments; and they are, as it were, bankruptcy proceedings. The legislature has required the assignee to do several things which are not mentioned in the written assignment. We see no reason why it may not require him first to pay the laborers. The plaintiffs do not claim that the legislature could not impose this obligation on the assignor, to prefer laborers. If that can be done, we see no reason why the legislature may not make the preference of laborers in the distribution of assets, a condition, upon which alone the assignor may make a general assignment.

There is another view. This construction of the defendants sustains the assignment as valid. There is no charge that it was intentionally fraudulent; and therefore it should be supported if possible. The plaintiffs, it is true, assert that the omission to prefer the laborers is evidence of an intent to defraud them. But if the assignor knew that they were preferred by the statute, and that such preference was beyond his control, his omission to prefer them in the assignment showed no intent to defraud. A testator does not intend to defraud his creditors when he gives all his estate in devises and bequests and says nothing of his debts. He knows that the law provides for them.

The conclusion to which we have come is that of the first depart-

ment in *Richardson* v. *Herron* (39 Hun, 537), and of the fifth department in *Burley* v. *Hartson* (40 Hun, 121). In the case of *Harriott* v. *Masterton*, of which a brief statement appears in 1 New York State Reports, 245, the assignment was set aside as made with fraudulent intent. The question here involved is not discussed, it is only briefly mentioned. So that we have no decision of the second department on the point.

The judgment should be reversed, and as there can be nothing gained by a new trial, judgment for defendants must be rendered with costs here and in the court below.

Lᴀɴᴅᴏɴ and Mᴀʏʜᴀᴍ, JJ. concurred.

Judgment reversed in each case, and judgment rendered for defendants, with costs here and in the court below.